UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE SMITH,<br>        Plaintiff | )<br>)<br>)<br>) |
| v. | )   Civil Action No. 10-30094-KPN<br>)<br>) |
| AMERICAN INTERNATIONAL<br>COLLEGE,<br>        Defendant | )<br>)<br>) |

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
May 19, 2010

NEIMAN, M.J.

Bernadine Smith ("Plaintiff"), proceeding *pro se*, has submitted for filing a complaint against American International College ("Defendant"). Together with her complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* has been granted pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, a summons has not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of subsection (e)(2) of that statute. For the reasons stated below, the court concludes that it does not. Accordingly, the court will recommend to the district judge, to whom this case will be reassigned, that it be summarily dismissed.

The *in forma pauperis* statute requires the court to dismiss an action brought

thereunder if the court determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(l) and (ii).  *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact").  This is just such a case.

Plaintiff's complaint, filed on May 17, 2010, consists of 100 paragraphs describing an ongoing dispute she, as a student, has had with Defendant, through certain of its faculty and administrators, concerning her grades.  For example, Plaintiff claims the following:  in the Spring of 2007, she should have received "a high B" instead of a "C+" in a Political Thought II class (Compl. ¶¶ 8-15); in the Fall of 2007, the "two A's and three B's" she received did not fully represent or reflect the "true or actual grades of which she should have fairly been entitled" (*id.* ¶¶ 19-20); and in the Spring of 2008, she received "two D's" in political science classes which caused her to be "placed on academic probation" and lose her financial aid (*id.* ¶¶ 42-53).  None of these allegations presents any federal claim.  To be sure, the complaint starts with Plaintiff invoking the diversity jurisdiction statute, 42 U.S.C. § 1332, and then ends with her demanding $3.5 million dollars in damages and for Defendant to settle all her debts in full.  (*Id.* ¶ 3 and at 10.)  But no specific causes of action are alleged.

The court is confident that Plaintiff's complaint is patently frivolous and fails to state a claim upon which relief may be granted.  For one thing, diversity jurisdiction does not lie (since both parties are from Massachusetts) and it is well-established that "[w]here the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28

2

U.S.C. § 1915(e)(2)(B)(I)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

Of course, since Plaintiff is a *pro se* litigant, her pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). To that end, the court recognizes that Plaintiff also complains about certain "hostile and belligerent" behavior by one professor whom Plaintiff confronted about her grades -- *i.e.*, that she insulted Plaintiff, called her names, made threats and coerced her -- and that she reported this "harassment" to other faculty and administrators. (See, *e.g.*, Compl. ¶¶ 25-31, 51, 58, 61-62.) None of these allegations, however, articulates a federal claim either.

Granted, at the very end of her complaint, Plaintiff alleges that she "is a senior African American woman, with grey hair, and disabled, [who] was also the oldest

student in all her classes." (*Id.* ¶ 93.) In other words, it is possible, although certainly not obvious, that Plaintiff may be trying to allege federal question-based causes of action such as violations Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and/or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 629 *et seq.*

However, even assuming that Plaintiff is attempting to invoke the court's federal question jurisdiction, her complaint is impermissibly deficient. The Supreme Court has held that only a complaint that "state[s] a claim to relief that is plausible on its face" will survive dismissal screening, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Here, no factual content whatsoever has been alleged which might raise a reasonable inference that Defendant is liable for any federal question-based cause of action. Specifically, there are no allegations tying the professor's behavior (or anyone else's for that matter) to Plaintiff's race, age or alleged disability status. Without that link, Plaintiff's complaint cannot possibly contain any federal claims. *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (citation and internal quotation marks omitted). *See also Vazquez-Hernandez v. Estrada-Adorno*, 2009 WL 1586813, at *1 (D.P.R. June 3, 2009) ("Because Plaintiff has not stated any facts supporting his allegation of . . . discrimination, he has failed to comply with the pleading requirements of [Fed. R. Civ.

P.] 8.") (citing *Iqbal*, 129 S. Ct. at 1949).

Even under a generous reading, the instant action, in this court's opinion, is frivolous and fails to state a claim upon which relief may be granted. Accordingly, the court recommends that it be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).[1]

DATED: May 19, 2010

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).